UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re:**

| | |
|---|---|
| **DAVID R. CARRIG and**<br>**TAMMY A. CARRIG,** | **BANKRUPTCY CASE**<br>**NO.: 6:18-bk-03284-KSJ** |
|     **Debtors.** | |
| _____/ | |
| **ARVIND MAHENDRU,**<br>as Chapter 7 Trustee of the estate of<br>**DAVID R. CARRIG and**<br>**TAMMY A. CARRIG,** | **CHAPTER 7** |
|     **Plaintiff,**<br>v. | **ADVERSARY PROCEEDING**<br>**NO.:** |
| **NAVY FEDERAL CREDIT UNION,** | |
|     **Defendant.** | |
| _____/ | |

## COMPLAINT

Plaintiff, Arvind Mahendru ("Plaintiff"), the Chapter 7 Trustee of the bankruptcy estate of David R. Carrig and Tammy A. Carrig ("Debtors"), by and through undersigned counsel, hereby sues Navy Federal Credit Union ("Defendant"), and states the following:

## PRELIMINARY STATEMENT

1. The Debtors, David R. Carrig and Tammy A. Carrig, filed a petition for bankruptcy relief under Chapter 7 on June 1, 2018.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

## PARTIES

4. Plaintiff, Arvind Mahendru, is the Chapter 7 Trustee of the bankruptcy estate of David R. Carrig and Tammy A. Carrig.

5. Debtors, David R. Carrig and Tammy A. Carrig, are natural persons residing in Volusia County, Florida, where the causes of action arose, are "consumers," as that term is defined by Fla. Stat. § 559.55(8), and are "persons" under 47 U.S.C. § 227 *et seq.*

6. Defendant, Navy Federal Credit Union, is headquartered in Virginia, does business in the State of Florida, is a "creditor," as that term is defined by Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227 *et seq.*

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtors.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

9. The Defendant's communications, set forth below, were made to exhaust the Debtors' will in an attempt to have the Debtors pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Debtors either expressly or impliedly communicating to Defendant to stop calling Debtors.

## FACTUAL ALLEGATIONS

10. Debtors were alleged to owe Defendant a debt (the "Alleged Debt"), including without limitation, the debt on Schedule F of the Debtors' bankruptcy schedules totaling $23,659.00.

11. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6).

12. Defendant called Debtors on their cellular telephones from approximately August 2017 until March 2018 in an attempt to collect on the Alleged Debt.

13. Defendant called Debtors one time every two to three weeks.

14. Approximately in November 2017, Debtors told Defendant that they had retained a bankruptcy attorney, provided Defendant with the contact information of their bankruptcy attorney, and instructed Defendant to stop calling their cellular telephones.

15. Despite Debtors' cease and desist request, Defendant continued to call the Debtors on their cellular telephones until approximately March 2018, even though they told Defendant that they had retained a bankruptcy attorney, provided Defendant with the contact information of their bankruptcy attorney, and had instructed Defendant to stop calling.

16. Upon reasonable belief, Defendant utilized an automated telephone dialing system when contacting Debtors. This is evidenced by the fact that when Debtors would answer a call from Defendant, Debtors heard a beep or a pause prior to Defendant's representative coming onto the line.

17. As described below, Defendant's conduct constitutes violations of the FCCPA and TCPA.

## COUNT I

### VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

18. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

19. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

20. Defendant communicated, directly and/or indirectly, certain information to Debtors as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

21. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtors or any member of her or his family.

22. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

23. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

24. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

25. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

26. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

27. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

28. Defendant communicated, directly and/or indirectly, certain information to Debtors as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

29. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

31. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

32. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

33. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

34. This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

35. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

36. Defendant communicated, directly and/or indirectly, certain information to Debtors as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

37. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

38. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

39. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

40. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

41. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATIONS OF THE TCPA BY DEFENDANT

42. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

43. Plaintiff realleges and reincorporates paragraphs 1 through 17, as if fully set forth herein.

44. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

45. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –
>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

46. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Debtors' cellular telephone using an automatic telephone dialing system without Debtors' express consent.

47. Defendant willfully, knowingly, and intentionally made multiple calls to Debtors' cellular telephone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors' cellular telephone.

48. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

49. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

50. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: November 13, 2018

Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
**DEIRDRE F. ARETINI, ESQ.**
Florida Bar No. 39607
e-mail: daretini@dbllawyers.com
*Attorneys for Plaintiff*