UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:
DAVID R. CARRIG and
TAMMY A. CARRIG,                                CASE NO: 6:18-bk-03284-KSJ

    Debtors.
_____/ Chapter 7

ARVIND MAHENDRU, as Chapter 7
Trustee of the Estate of DAVID R. CARRIG
and TAMMY A CARRIG,

  Plaintiff,

v.                                              AP NO.: 6:18-ap-00140-KSJ

NAVY FEDERAL CREDIT UNION, a
federal credit union,

  Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Navy Federal Credit Union ("Navy Federal") hereby answers and defends against the Plaintiff's Complaint ("Complaint"), as follows:

## ANSWER

### PRELIMINARY STATEMENT

1. Without knowledge; therefore, denied.

2. Without knowledge; therefore, denied.

### JURISDICTION AND VENUE

3. Without knowledge; therefore, denied.

## PARTIES

4. Without knowledge; therefore, denied.

5. Without knowledge; therefore, denied.

6. Admitted that Navy Federal is a federal credit union, is headquartered in Virginia, and does business in the State of Florida; otherwise, without knowledge; therefore, denied.

7. Admitted that Navy Federal communicates with members via the mails and electronic communications; otherwise, denied.

8. Denied.

9. Denied.

## FACTUAL ALLEGATIONS

10. Admitted that at one time Debtors owed debts on accounts with Defendant; otherwise, without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**COUNT I - VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT**

18. Without knowledge; therefore, denied.

19. Defendant realleges and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

20. Denied.

21. To the extent this allegation is premised on a statute, the statute speaks for itself; otherwise, denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

Paragraph following paragraph 25, beginning with WHEREFORE: Denied that Plaintiff is entitled to any of the relief requested.

### COUNT II - VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

26. Without knowledge; therefore, denied.

27. Defendant realleges and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

28. Denied.

29. To the extent this allegation is premised on a statute, the statute speaks for itself; otherwise, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

Paragraph following paragraph 33, beginning with WHEREFORE: Denied that Plaintiff is entitled to any of the relief requested.

### COUNT III - VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

34. Without knowledge; therefore, denied.

35. Defendant realleges and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

36. Denied.

37. To the extent this allegation is premised on a statute, the statute speaks for itself; otherwise, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

Paragraph following paragraph 41, beginning with WHEREFORE: Denied that Plaintiff is entitled to any of the relief requested.

### COUNT IV - VIOLATIONS OF THE TCPA BY DEFENDANT

42. Without knowledge; therefore, denied.

43. Defendant realleges and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

44. Denied.

45. To the extent this allegation is premised on a statute, the statute speaks for itself; otherwise, denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

Paragraph following paragraph 50, beginning with WHEREFORE: Denied that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

In an abundance of caution, Navy Federal alleges the following additional defenses, some of which may be affirmative defenses. These allegations are raised strictly as defenses and are not to be considered as admissions of Navy Federal as to any factual, legal, or other matters. Navy Federal denies all allegations not expressly admitted, whether numbered or unnumbered, including without limitation the unnumbered paragraphs beginning with the word "WHEREFORE" and any and all demands for judgment or any relief whatsoever.

A. Navy Federal was legally entitled to engage in the alleged conduct relevant to this action pursuant to the loan agreements entered into by the Debtors.

B. Navy Federal did not engage in any collection communications with Debtors after being notified of Debtors' representation.

C. To the extent any collection communications transpired as alleged in the Complaint, they were not frequent, abusive, or harassing within the meaning of Section 559.72(7), Florida Statutes, as a matter of law.

D. To the extent any collection communications transpired as alleged in the Complaint, they were not willful within the meaning of Section 559.72(7), Florida Statutes, as a matter of law.

E. To the extent any collection communications transpired as alleged in the Complaint, Navy Federal lacked actual knowledge of any impropriety or overreaching so as to render those communications actionable under Section 559.72(9), Florida Statutes, as a matter of law.

F. To the extent any collection communications are alleged to have violated Section 559.72(9), Florida Statutes, because Navy Federal knew it had no right to collect a debt in a manner that was frequent, abusive or harassing, Plaintiff's claim is duplicative of the relief sought under Section 559.72(7).

G. Without admitting to any alleged violations, to the extent any collection communications are alleged to have violated Section 559.72(18), Florida Statutes, Navy Federal did not know of the Debtors' representation.

H. Without admitting to any alleged violations, to the extent any collection communications are alleged to have violated Section 559.72(18), Florida Statutes, Navy Federal did not know of, and could not readily ascertain, the name and address of Debtors' attorney.

I. The statute of limitations has run on some or all of the collection communications alleged to have been violative.

J. Navy Federal was legally entitled to engage in the alleged conduct relevant to this action pursuant to 12 U.S.C. § 1757.

K. Without admitting to any alleged violations, any violation that may have occurred as a result of Navy Federal's alleged actions was unintentional and resulted from a bona fide error, thereby precluding liability pursuant to Section 559.77(3), Florida Statutes.

L. Plaintiff's claim fails to raise a justiciable issue of law or fact, and Defendant is therefore entitled to attorneys' fees and costs under Section 559.77(2), Florida Statutes.

M. Any calls made to the Debtors' cellular telephone(s) were made with the prior express consent of the Debtors, which was never withdrawn or limited.

N. Without conceding that Navy Federal made any calls to Debtors' cellular telephone(s), if any such calls were made, they were not willful, knowing or intentional, and thus no treble damages are warranted.

O. Debtors failed to mitigate their damages.

P. In the event Plaintiff proves entitlement to punitive damages, Defendant is entitled to a punitive damages cap under Section 768.73, Florida Statutes.

Q. Navy Federal reserves the right to raise any additional defenses and affirmative defenses that the evidence reveals in the future and to supplement its defenses pursuant to section 768.81, Florida Statutes.

SUGARMAN LAW LLP

  /s/ Matthew G. Hawk
Matthew G. Hawk
Florida Bar No.: 0022606
E-Mail: matt@sugarman-law.com
154 Krog St. NE, Suite 190
Atlanta, GA 30307
Phone: (404) 495-4811
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of hereof was electronically filed electronically with the Clerk of Court utilizing the CM/ECF system and served on all counsel of record this 19th day of December, 2018:

Brian L. Shrader
Gus M. Centrone
Deidre F. Aretini
Dunlap, Bennett & Ludwig, PLLC
612 W. Bay St.
Tampa, Florida 33606

  /s/ Matthew G. Hawk
Attorney